UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John B. Campbell,  )  | C/A No. 4:11-2058-TLW-TER |
| )  | |
| Plaintiff, )  | |
| )  | |
| vs. )  | REPORT AND |
| )  | RECOMMENDATION |
| Suzanne Mayes, Assistant Attorney General; Elizabeth ) | |
| Munnerlyn, Assistant Solicitor; Tommy Langley, Police ) | |
| Chief; Lt. Jamie G. Seals, Investigator Officer; Brittany ) | |
| English, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, John B. Campbell ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendants five government officials or employees that were involved in state criminal proceedings against Plaintiff.[2] The Complaint claims violation of Plaintiff's "Procedure Due Process and Equal Protection Rights" pursuant to § 1983, as well as various claims under state law. Plaintiff seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

of the *pro se* complaint pursuant to 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam)*. A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.

---

[3] Screening pursuant to 28 U.S.C. § 1915A is subject to this standard as well.

1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

**BACKGROUND**

Plaintiff was arrested on April 15, 2009, and is currently incarcerated in SCDC.[4] In this § 1983 action, Plaintiff sues two state attorneys and three law enforcement officers that were involved in the investigation and prosecution of Plaintiff's state criminal proceedings. The Complaint states Plaintiff's "claim and allegations against the Defendants: malicious abuse of criminal procedure; useing the criminal process for ulterior purpose, and willful acts in the use of the process that are not proper in regular conduct of South Carolina preliminary proceeding." ECF No. 1 at 2. The Complaint claims violation of constitutional rights when the two state attorneys and the police chief "obtained warrant #M-075185 attempted kidnapping without the necessary prerequisite of probable cause." *Id*. at 3. Plaintiff contends "it was improper for Chief Tommy Langley to present the suppose facts of the complaint to the prosecutor for determination of charges, because in doing so the complaint now becomes taylored to the prosecutor theory of the case and therefore deprived plaintiff to fundamental Procedure Due Process and Equal Protection." *Id.* The Complaint also alleges Plaintiff's "Procedure Due Process Rights" were not "protected at this preliminary hearing

---

[4] The SCDC inmate database, found on the SCDC website at https://sword.doc.state.sc.us/scdc-public/, indicates Plaintiff is serving a fifteen year sentence for attempted kidnapping, and he entered SCDC on August 19, 2009, after his arrest on April 15, 2009. This Court may take judicial notice of matters of public record. *See, e.g.*, *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986) ("we are not precluded in our review of the complaint from taking judicial notice of items in the public record"); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

because of the fact the Assistant Solicitor and Attorney General failure to attend," based on a belief that state law requires their attendance. *Id.* at 4. The Complaint further alleges the state attorneys "elicited Investigator Brittany English and Lt. Jamie Seals to seek search warrants in pursuant to warrant #M-075185 and Warrant #J-727130, this subjected Plaintiff to unreasonable search and seizure by which onsetted a violation of Plaintiff constitutional rights under the Fourth Amendment." *Id.* at 5. The search warrant was "nolle pros" when nothing incriminating was found on Plaintiff's laptop computer. *Id.* Plaintiff seeks " monetary damages, compensatory damages and punitive damages." *Id.* at 2.

## DISCUSSION

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

The Complaint alleges that the Defendants violated Plaintiff's constitutional rights in the investigation and prosecution of Plaintiff in relation to Plaintiff's arrest on April 15, 2009, and subsequent preliminary hearing. However, to the extent Plaintiff seeks monetary damages for constitutional violations stemming from Plaintiff's criminal prosecution, his § 1983 action is barred by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to § 1983 seeking damages for alleged unconstitutional violations in connection with state criminal charges, such as the present case, the U.S. Supreme Court states:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, ... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1997). The Complaint seeks monetary damages for alleged actions of the Defendants that violated Plaintiff's constitutional rights in relation to the investigation and prosecution of state criminal charges against Plaintiff. A favorable determination on the merits of the Plaintiff's § 1983 claims, alleging constitutional violations associated with Plaintiff's arrest and criminal investigation, would imply the invalidity of Plaintiff's conviction. Plaintiff has not demonstrated that his conviction resulting from the April 15, 2009 arrest has been invalidated, and therefore his § 1983 action for monetary damages is barred by *Heck*.[5] The § 1983 Complaint fails to state a claim on which relief may be granted, and should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A.

The Complaint also claims violation of various state laws. State law claims can be considered by a federal district court in conjunction with a federal law claim through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Title 28 U.S.C. § 1367(a) requires such state claims to be "so related" to the federal claim

---

[5] *Heck* does not apply in the context of claims for false arrest, *Wallace v. Kato*, 549 U.S. 384 (2007), which is not at issue in this case involving an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained.").

"that they form part of the same case or controversy." Plaintiff's federal claims brought pursuant to § 1983 in this case fail, so the state claims should not be considered under supplemental jurisdiction. Federal courts are permitted to decline supplemental jurisdiction pursuant to § 1367(c)(3), if "the district court has dismissed all claims over which it has original jurisdiction." Thus, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3).

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the Complaint *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 6, 2011
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).